# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1893

_____

JUSTIN HINSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Francis J. Allman, Jr., Judge.

December 3, 2025

PER CURIAM.

AFFIRMED.

ROBERTS and KELSEY, JJ., concur; ROWE, J., concurs in part and
dissents in part.

_____

***Not final until disposition of any timely and
authorized motion under Fla. R. App. P. 9.330 or
9.331.***

_____

ROWE, J., concurring in part and dissenting in part.

I agree that we should affirm Hinson's convictions. But I dissent from the affirmance of his sentences. I would vacate the sentences and remand for resentencing because the trial court failed to renew the offer of counsel before imposing sentence.

*Facts*

The State charged Hinson with two counts of attempted first-degree murder with a firearm, two counts of aggravated battery with a firearm, and one count of possession of a firearm by a convicted felon.[1] The court appointed an attorney to represent Hinson, and Hinson elected to proceed to trial.

In October 2022, Hinson moved to proceed pro se and requested a *Faretta*[2] hearing. The court held a hearing, where Hinson expressed his unequivocal desire to represent himself at trial. The court informed Hinson of the disadvantages of self-representation, and asked Hinson to sign a form that advised him of his right to counsel and how a lawyer's legal training and experience could assist Hinson with his case. At the bottom of the form, Hinson initialed several acknowledgements, including the following: "If I represent myself at trial, and if I am convicted, I will have the right to an appointed lawyer for sentencing. Sentencing is a separate proceeding." After a lengthy colloquy, the court determined that Hinson's decision to represent himself was knowing and voluntary and granted his motion to proceed pro se. The court did not appoint standby counsel.

In February 2023, Hinson was still proceeding pro se when he appeared for jury selection. Before the prospective jurors were brought in, the court twice renewed the offer of counsel. Hinson denied both offers, but he remarked that he would be willing to

---

[1] This charge was heard in a different proceeding.

[2] *Faretta v. California*, 422 U.S. 806 (1975).

accept standby counsel to help him with a few questions. The court denied the request for standby counsel, and a jury was selected.

Hinson's trial occurred on March 6 and 7, 2023. The jury returned verdicts of guilty of attempted first-degree murder with a firearm, the lesser-included offense of attempted second-degree murder with a firearm, and two counts of aggravated battery with a firearm.

Hinson's sentencing hearing did not occur until three months after his trial. At the hearing, Hinson repeatedly expressed confusion about the sentencing hearing and the scoresheet presented to him. He went so far as to say that he felt "illiterate" at that stage in the proceedings. But the court never renewed the offer to appoint counsel to represent Hinson during sentencing. The court sentenced Hinson to life in prison with a twenty-year mandatory minimum for attempted first-degree murder with a firearm, thirty years in prison with a twenty-year mandatory minimum for attempted second-degree murder with a firearm, and fifteen years in prison on both counts of aggravated battery with a firearm. This timely appeal follows.

*Analysis*

Hinson argues that the trial court reversibly erred when it failed to renew the offer of counsel during sentencing, a crucial stage of the proceedings. I agree.

"A competent criminal defendant has a Sixth Amendment right to represent himself . . . ." *Noetzel v. State*, 328 So. 3d 933, 948 (Fla. 2021). When a defendant makes an unequivocal request for self-representation, a trial court must conduct a *Faretta* inquiry to determine whether the defendant understands the "dangers and disadvantages of self-representation" and whether the decision was coerced. *Id.* (quoting *Hooks v. State*, 286 So. 3d 163, 167 (Fla. 2019)). If the waiver of counsel is knowing and voluntary, the trial court must renew the offer of counsel at "each subsequent stage of the proceedings at which the defendant appears without counsel." Fla. R. Crim. P. 3.111(d)(5). This does not mean that the trial court must "revisit *Faretta* every time the offer of counsel is subsequently renewed and rejected." *See Noetzel*, 328 So. 3d at 951.

3

Nor does it mean that the trial court must renew the offer of counsel every time the defendant appears before the court. *Traylor v. State*, 596 So. 2d 957, 968 (Fla. 1992). Instead, the trial court must renew the offer of counsel at every "crucial stage"[3] of the proceedings. *Id.* A crucial stage is "any stage that may significantly affect the outcome of the proceedings." *Id.*

Sentencing is a crucial stage in the proceedings that triggers the requirement for the trial court to renew the offer of counsel. *See, e.g.*, *Brooks v. State*, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015) (holding that the failure to renew the offer of counsel at sentencing was per se reversible error). A trial court's failure to renew the offer of counsel before sentencing is reversible error, which this court has sometimes characterized as per se reversible error and other times as fundamental error. *See Richardson v. State*, 229 So. 3d 446, 446 (Fla. 1st DCA 2017) (characterizing the trial court's failure to renew the offer of counsel before sentencing as reversible error); *Henretty v. State*, 155 So. 3d 1254, 1255 (Fla. 1st DCA 2015) (characterizing as fundamental error the trial court's failure to renew the offer of counsel before the defendant entered his plea and before sentencing); *Cuyler v. State*, 131 So. 3d 827, 828 (Fla. 1st DCA 2014) (characterizing the trial court's failure to renew the offer of counsel before sentencing as per se reversible error); *Howard v. State*, 147 So. 3d 1040, 1043 (Fla. 1st DCA 2014) (characterizing the trial court's failure to renew the offer of counsel before sentencing as per se reversible error);[4] *Travis v. State*, 969 So. 2d 532, 533 (Fla. 1st DCA 2007) (characterizing as reversible error the trial court's failure to renew the offer of counsel before

---

[3] The supreme court and other courts sometimes use the term "critical" rather than "crucial." *See, e.g.*, *Woodbury v. State*, 320 So. 3d 631, 650–51 (Fla. 2021).

[4] The supreme court partially disapproved of *Howard* in *Noetzel v. State*, 328 So. 3d 933, 952 n.9 (Fla. 2021), but only to the extent that this court held that "[f]ailure to renew the offer of counsel at a critical stage *and conduct a* Faretta *inquiry if the defendant rejects the renewed offer* is per se reversible error." *See id.* And in *Noetzel*, the trial court renewed the offer of counsel at the final penalty-phase hearing. *Id.* at 952.

4

sentencing); *Wilson v. State*, 947 So. 2d 1225, 1226–27 (Fla. 1st DCA 2007) (characterizing the trial court's failure to renew the offer of counsel before sentencing as per se reversible error).

It is unclear how the supreme court would characterize such an error. On the one hand, the supreme court has held that a trial court's failure to hold an initial *Faretta* hearing when required is a per se reversible error. *See Tennis v. State*, 997 So. 3d 375, 379 (Fla. 2008) ("Under our clear precedent, and that of the district courts of appeal, the trial court's failure to hold a *Faretta* hearing in this case to determine whether Tennis could represent himself is per se reversible error."). On the other hand, the supreme court has not addressed the nature of the error when a trial court fails to **renew the offer of counsel** at a crucial stage of the proceedings, but the court has held that such an error can be "cured." *Allen v. State,* 322 So. 3d 589 (Fla. 2021).

In *Allen*, after conducting a proper *Faretta* inquiry, the trial court failed to renew the offer of counsel at the commencement of the penalty phase of the trial. *Id.* at 596. Allen argued that the trial court fundamentally erred by failing to renew the offer of counsel at that critical stage of the proceedings. *Id.* The supreme court expressly declined to address whether the failure to renew the offer of counsel was fundamental error, holding that any error had been "cured" by the trial court's renewal of the offer of counsel to Allen after the jury had returned its sentencing recommendation. *See id.* ("We . . . hold that Allen is not entitled to relief because the trial court cured the error, thereby eliminating the need to address whether, had the error not been cured, it would amount to fundamental error.").

The specific circumstances in *Allen* were as follows: immediately after the jury returned its sentencing recommendation, but before the trial court pronounced Allen's sentence, at the State's urging, the court renewed the offer to appoint counsel. *Id.* at 597. The next day at a hearing, the trial court then sua sponte conducted a *nunc pro tunc* inquiry to ask Allen if he would have accepted the appointment of penalty-phase counsel if the trial court had renewed the offer of counsel at the start of the penalty phase. *Id.* Allen consistently stated that he would have proceeded pro se. *Id.* On that record, the supreme court

5

held that "the trial court cured the error while it still had jurisdiction to do so, by confirming with Allen that he had not wavered in his decision to represent himself." *Id*.

There was no such cure here. Although the trial court conducted a thorough *Faretta* inquiry before determining that Hinson's waiver of counsel was knowing and voluntary and the court renewed the offer of counsel before jury selection, the trial court did not renew the offer of counsel at sentencing, which occurred over three months after the trial. No renewal occurred at sentencing—even though Hinson had been advised through the form he signed during his initial waiver of counsel that he would have the chance to have counsel appointed to represent him at sentencing. The onus was on the trial court to renew the offer, and it did not do so. *See* Fla. R. Crim. P. 3.111(d)(5) (requiring the trial court to renew the offer of counsel); *Hutchens v. State*, 730 So. 2d 825, 826 (Fla. 2d DCA 1999) ("*Faretta* and our rules of criminal procedure place the duty of inquiry upon the trial court."). And unlike *Allen*, there was no post-sentencing renewal of the offer to counsel or any inquiry on whether Hinson would have accepted the offer of counsel had the trial court made such an offer.

Instead, the record reflects that Hinson complained about the lack of assistance from any counsel during the sentencing hearing. Hinson did not have standby counsel. *Cf. Knight v. State*, 770 So. 2d 663, 670 (Fla. 2000) ("Standby counsel is a constant reminder to a self-representing defendant of his right to court-appointed counsel at any stage of the proceeding."). And he remarked that he "would like to put on the record—the denial of this Court upon me requesting standby counsel at the critical stage of proceeding before this Court."

Hinson also expressed confusion about the sentencing process throughout the hearing and repeatedly told the court that he did not understand what was going on. He remarked that he did not understand the sentencing sheet and even refused to go further because he did not understand what was going on. On the whole, and unlike the circumstances present in *Allen*, Hinson's statements during the sentencing hearing give every indication that he would have accepted the appointment of counsel at that time had the offer been made.

6

On this record, I conclude that the trial court reversibly erred when it failed to renew the offer of counsel at sentencing. I would reverse Hinson's sentences and remand for a new sentencing hearing.

_____

Jessica J. Yeary, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Adam Blair Wilson, Assistant Attorney General, Tallahassee, for Appellee.